IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EVELYN WALKER                                                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:11CV-018-SA-SAA

FOAMEX CORPORATION, BOB
BRINTON, BRANDON JAMISON AND
JOHN BLACK

## MEMORANDUM OPINION

Presently before the Court is a Motion to Dismiss [15] brought by Defendants Foamex Innovations Operating Company ("FXI"),[1] Brandon Jamison, and John Black. Finding the motion well taken, the same shall be granted.

## PROCEDURAL HISTORY

Plaintiff Evelyn Walker commenced this action alleging violations of 42 U.S.C. § 1981 as well as state law claims related to an allegedly illegal discharge. Plaintiff commenced her suit on January 20, 2011. The 120-day period for Plaintiff to serve the Defendants expired on May 20, 2011, prior to any of the Defendants in this action being served.[2] Plaintiff served John Black and Brandon Jamison on June 7, 2011.

On June 10, 2011, Plaintiff filed a motion for an extension of time to serve Foamex Corporation. In the motion, Plaintiff represented that she attempted to serve Foamex Corporation through its registered agent C.T. Corporation on June 7, 2011; however, C.T. Corporation returned

---

[1]FXI alleges it was incorrectly named and served with the Complaint as Foamex Corporation, and is making a special appearance solely to dispute the timeliness of service of process.

[2]There is nothing in the record regarding Plaintiff's attempts, if any, to serve Defendants within the 120-day period.

the summons and complaint on the basis that Foamex was not listed in their records. Plaintiff erroneously represented to the Court that the 120-day period to serve Defendants expired on June 10, rather than May 20, and requested an additional fifteen days to serve Foamex Corporation. The Plaintiff contended that "good cause" existed to extend the time for service because "all efforts have been made to timely serve Foamex Corporation . . . through the correct agent of service of process." In reliance on Plaintiff's representation that service had been unsuccessfully attempted before the 120-day service period expired, the Court granted Plaintiff until June 27, 2011, to effect service of process on Foamex Corporation. On June 24, 2011, Plaintiff served "Foamex Corporation aka FXI aka Fomax Innovations."

Defendants have filed a motion to dismiss under Rule 12(b)(5). Defendants Jamison and Black seek dismissal because Plaintiff failed to serve them within 120 days of filing her complaint and failed to request an extension of time. Defendant FXI argues dismissal in its favor is proper because the Court's order granting an extension of time was based on the erroneous premise that Plaintiff had diligently attempted service before the 120-day limit of Rule 4(m) had expired. Plaintiff has failed to respond to the motion to dismiss.

## **DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). When a district court entertains a motion to extend time for service, it must first determine whether good cause exists. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). If

good cause is present, the district court must extend the time for service. Id. If good cause does not exist, the court may, in its discretion, dismiss the case without prejudice or extend the time for service. Id. "Good cause" requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304 (5th Cir.1985) (quoting 10 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1165 at 622). Only the plaintiff's efforts during the first 120 days are relevant to the good cause inquiry. Nelson v. Amerus Life Ins. Co., Inc., 2007 WL 1521506, at *2 (S.D. Miss. May 21, 2007).

*Defendants Jamsison and Black*

Plaintiff failed to serve these Defendants within 120 days required by Rule 4(m), and further failed to request an extension of time or demonstrate good cause for her failure to timely serve these defendants. Although rule 4(m) grants this court discretion to permit an extension of time for service even without a showing of good cause, under the circumstances of this case, the court finds that a retroactive extension of time is not warranted and declines to exercise that discretion. Accordingly, Plaintiff's claims against Defendants Jamison and Black are dismissed without prejudice.

*Defendant FXI*

Plaintiff was previously granted a fifteen-day extension of time to serve Defendant FXI in reliance on Plaintiff's erroneous representation to the Court that service had been unsuccessfully attempted during the 120-day period. The Court accordingly vacates its June 10, 2011 Order [10] as being improvidently granted. Plaintiff has failed to show good cause why she failed to serve

3

Defendant FXI prior to the expiration of the 120-day service period. The Court declines to exercise its discretion to allow a retroactive extension of time. Accordingly, Plaintiff's claims against Defendant FXI are dismissed without prejudice.

*Defendant Bob Brighton*

Defendant Bob Brighton has yet to be served in this action. The Plaintiff was sent a clerk's notice of incomplete process on March 18, 2011; April 18, 2011; and June 6, 2011. Therefore, pursuant to Rule 4(m), Plaintiff's claims against Defendant Brighton are dismissed without prejudice.

## CONCLUSION

Plaintiff has failed to demonstrate good cause for her failure to serve Defendants within the 120-day period for service provided for by Rule 4(m). The Court further declines to exercise its discretion to extend the time for service in the absence of good cause. Accordingly, Defendants' motion to dismiss is GRANTED, Plaintiff's claims are dismissed without prejudice, and this case is closed.

SO ORDERED on this, the 23rd day of August, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**